## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAJAN KURIAN AND MICHAEL RHODES,
individually and on behalf of a class of others
similarly situated,

                Plaintiffs,

      v.

THE COUNTY OF LANCASTER, THE
LANCASTER COUNTY PRISON BOARD, and
JOHN DOES 1 - 20,

                Defendants.

No. 2:07-cv-03482-PD

**Jury Trial Demanded**

## SETTLEMENT AGREEMENT

Plaintiffs Sajan Kurian and Michael Rhodes ("Plaintiffs"), by and through

their counsel, and Defendants the County of Lancaster and the Lancaster County

Prison Board ("Defendants") by and through their counsel, hereby enter into this

Settlement Agreement providing, subject to the approval of the Court, for

settlement of the claims herein described against Defendants.

WHEREAS, Plaintiffs filed the above-captioned class action lawsuit against

Defendants, alleging that Defendants violated Plaintiffs' constitutional rights under

color of state law by unconstitutionally strip searching them and others similarly

situated upon entry into the Lancaster County Prison.

WHEREAS, Plaintiffs further allege that, in violation of law and pursuant to

the Defendants' policy, custom, and practice, all persons such as Plaintiffs and the

members of the class they purport to represent who entered the Lancaster County

Prison charged with misdemeanors, summary offenses, violations of probation or parole, civil commitments, or minor crimes were strip searched absent any particularized suspicion that they possess weapons or other contraband.

WHEREAS, Defendants have denied and continue to deny Plaintiffs' claims, and Defendants deny any wrongdoing or liability of any kind to Plaintiffs or to any members of the Class (as defined hereinafter).

WHEREAS, the Parties to this Settlement Agreement have conducted a thorough examination and investigation of the facts and law relating to the matters in this litigation, which included documentary and deposition discovery in the course of the litigation.

WHEREAS, the Parties have concluded that settlement is desirable in order to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve finally and completely all pending and potential claims of the Plaintiffs and all Class Members relating to alleged conduct involved in this litigation.

WHEREAS, Plaintiffs and Class Counsel (as defined hereinafter) recognize the costs and risks of prosecuting this litigation, and believe that it is in their interest, and in the interest of all Class Members, to resolve this litigation, and any and all claims against Defendants and against anyone acting on behalf of Defendants who may have devised, promulgated or enforced the policy or participated in the conduct that is the subject of this Settlement Agreement.

WHEREAS, substantial, adversarial settlement negotiations have taken place between the Parties, including mediation conducted by the Hon. James Melinson (Ret.), of JAMS, and, as a result, this Settlement Agreement has been reached, subject to the Court approval process set forth herein.

WHEREAS, the Parties believe that this Settlement Agreement offers significant benefits to Plaintiffs and Class Members, and is fair, reasonable, adequate and in the best interests of Plaintiffs and Class Members.

WHEREAS, this Settlement Agreement is made and entered into by and among Defendants and Plaintiffs Sajan Kurian and Michael Rhodes, individually and on behalf of a class of similarly situated persons.  The Class Members are defined as:

> All persons who have been or will be placed into the custody of the Lancaster County Prison after being detained for misdemeanors, summary offenses, traffic infractions, civil commitments, bench warrants, violations of probation, parole or Accelerated Rehabilitative Disposition, and/or for other similar charges and/or crimes that do not involve the possession or distribution of drugs, possession of weapons, or are violent felonies, and who were or will be strip searched upon their entry into the Lancaster County Prison pursuant to the policy, custom and practice of the Defendants.  The class period commences on August 22, 2005 and extends to July 28, 2009. Specifically excluded from the Class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned as follows:

## I.  DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning set forth below.  Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

A.    <u>Claim Form</u>.  Claim Form shall mean a form in substantially the same form as that attached hereto as Exhibit A.

B.    <u>Claims Period</u>.  Claims Period shall mean the time period during which claims may be made by Settlement Class Members, extending from the Notice Date (defined below) until the date 120 days thereafter, including weekends and holidays, provided that if the last day of the Claims Period falls on a weekend or Federal holiday, then the end of the Claims Period shall be the next following day that is not a weekend or Federal holiday.

C.    <u>Class Counsel</u>.  Class Counsel shall mean: Joseph G. Sauder of Chimicles & Tikellis LLP; Christopher G. Hayes of the Law Office of Christopher G. Hayes; David Rudovsky of Kairys, Rudovsky, Messing & Feinberg LLP; and Daniel Levin of Levin Fishbein Sedran & Berman.

D.    <u>Class List</u>.    The Class List shall be a list of the names and last known mailing addresses of all members of the Settlement Class.

E.    <u>Class Notice</u>.  Class Notice shall mean the Court-approved form of notice in substantially the same form as Exhibit B.

F.    <u>Class Representatives</u>:  Class Representatives shall mean Plaintiffs Sajan Kurian and Michael Rhodes.

4

G. <u>Class Settlement</u>. Class Settlement shall mean the terms provided in this Settlement Agreement.

H. <u>Court</u>. Court shall mean the United States District Court for the Eastern District of Pennsylvania, The Honorable Paul Diamond presiding, or his duly appointed or designated successor.

I. <u>Defendants</u>. Defendants shall mean the County of Lancaster and the Lancaster County Prison Board, and shall include all employees of the County of Lancaster who may have devised, promulgated or enforced the policy or participated in the conduct that is the subject of this Settlement Agreement.

J. <u>Defendants' Counsel</u>. Defendants' Counsel shall mean David J. MacMain of Lamb McErlane, PC.

K. <u>Distribution Amount</u>. Distribution Amount shall mean the amount available for distribution to Class Members from the Settlement Fund.

L. <u>Effective Date</u>. Effective Date shall mean thirty days from the date on which the settlement has been finally approved by the Court, and/or thirty days from the date on which any appeals from final approval are resolved.

M. <u>Final Approval Hearing</u>. Final Approval Hearing shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Judgment.

N. <u>Final Judgment</u>. Final Judgment shall mean that Court order that finally certifies the Settlement Class, approves this Settlement Agreement,

approves payment of attorneys' fees and expenses, and makes such other final rulings as are contemplated by this Settlement Agreement.

O.    <u>Litigation</u>.  Litigation shall mean the above-captioned lawsuit pending in the United States District Court for the Eastern District of Pennsylvania as No. 2:07-CV-03482.

P.    <u>Mediator</u>.  The Mediator shall mean the Hon. James Melinson (Ret.).

Q.    <u>Notice Program</u>.  Notice Program shall mean the program for disseminating the Class Notice to Settlement Class Members, including public dissemination of the Summary Notice, in accordance with the terms herein.

R.    <u>Notice Date</u>. Notice Date shall mean the date upon which Class Notice is mailed to known Class Members in accordance with the terms herein.

S.    <u>Objection Date</u>.  Objection Date shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which Settlement Class Members must submit any objection to the Settlement Agreement's terms or provisions and submit any required statements, proof, or other materials and/or argument.

T.    <u>Opt-Out Deadline</u>.  Opt-Out Deadline shall mean the date agreed upon by the Plaintiffs and Defendants or otherwise ordered by the Court by which any Settlement Class Members who do not wish to be included in the Settlement Class and participate in the Settlement must complete the acts necessary to properly effect such election to opt out.

U.    <u>Opt-Out List</u>.  Opt-Out List shall mean a written list prepared by the Settlement Administrator of the names of all Settlement Class Members who submit timely Requests for Exclusion or Opt-Out Notices.

V.    <u>Opt-Out Notice</u>.  Opt-Out Notice or an Opt-Out Form shall mean a Request for Exclusion from the Settlement Class by a Settlement Class Member.

W.    <u>Parties</u>.  Parties shall mean the Plaintiffs and Defendants.

W.    <u>Plaintiffs</u>.  Plaintiffs shall mean Sajan Kurian and Michael Rhodes.

Y.    <u>Preliminary Approval Order</u>.  Preliminary Approval Order shall mean the order of the Court preliminarily approving this Settlement Agreement and conditionally certifying a provisional Settlement Class, in substantially the same form as Exhibit C.

Z.    <u>Release</u>.  Release shall mean the release described in Section VII herein.

AA.    <u>Released Claims</u>.  Released Claims shall mean and include any and all claims or causes of action by or on behalf of any and all Settlement Class Members (and their predecessors, successors, heirs, administrators, executors, agents, trustees, representatives, and assigns) that are released by the Release described in Section VII herein.

BB.    <u>Released Parties</u>.  Released Parties shall mean all persons or entities against whom Released Claims will be released pursuant to the Release described in Section VII herein.

CC.    <u>Request for Exclusion</u>.  Request for Exclusion shall mean any request by any Settlement Class Member for exclusion from the Settlement Class in compliance with Section V herein.

DD.    <u>Settlement</u>.  Settlement shall mean the agreement by the Plaintiffs and Defendants to resolve the Litigation, the terms of which have been memorialized in this Settlement Agreement.

EE.    <u>Settlement Administrator</u>.  Settlement Administrator shall mean the qualified party selected by the Plaintiffs and Defendants and designated in the Preliminary Approval Order to administer the Settlement, including implementing the Notice Program.  Neither Plaintiffs nor Defendants shall have any responsibility for any acts or omissions of the Settlement Administrator.   The parties will use a settlement administrator to be determined by the parties.

FF.    <u>Settlement Agreement</u>.  Settlement Agreement shall mean this Settlement Agreement, including any amendment hereto pursuant to Section X.D hereof, and all the exhibits attached hereto.

GG.    <u>Settlement Class</u>.  Settlement Class shall mean: All persons who have been or will be placed into the custody of the Lancaster County Prison after being detained for misdemeanors, summary offenses, traffic infractions, civil commitments, bench warrants, violations of probation, parole or Accelerated Rehabilitative Disposition, and/or for other similar charges and/or crimes that do not involve the possession or distribution of drugs, possession of weapons, or are violent felonies, and who were or will be strip searched upon their entry into the

8

Lancaster County Prison pursuant to the policy, custom and practice of the Defendants.  The class period commences on August 22, 2005 and extends to July 28, 2009.   Specifically excluded from the Class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

HH.   <u>Settlement Class Members</u>.  Settlement Class Members shall mean all persons in the Settlement Class who do not exclude themselves pursuant to Section V herein.

II.   <u>Settlement Fund</u>.  Settlement Fund shall mean a fund, governed by terms to be agreed to between Class Counsel and Defendants' Counsel which shall be placed in an escrow account and utilized to administer the monetary requirements of the Settlement.  The Settlement Fund will be established by Class Counsel.

JJ.   <u>Settlement Amount</u>.  Settlement Amount shall mean the amount of up to two million, five hundred and seven thousand, two hundred dollars ($2,507,200.00) to be paid by or on behalf of the Defendants into the Settlement Fund; provided, however, that Defendants shall initially pay one million, nine hundred and forty six thousand, and eight hundred sixty dollars ($1,946,860.00), into the Settlement Fund.  This initial payment may be increased depending on whether Defendants are required to make additional contributions to Class Members in Category 2, Category 3, and Category 4, based on the rate of return for claims made by these Class members.  *See* Section (III)(C), *infra*.

9

KK.    <u>Settlement Website</u>.  Class Counsel will establish a website to provide information about the settlement with a World Wide Web address of <mark>XXXXXXXXXXXXXX</mark>.

LL.    <u>Strip Search Policy or the "Checklist."</u>  Strip Search Policy and the "Checklist" shall mean the written New Pretrial Detainee Strip Search Check List that has been used at Lancaster County Prison since the mid-1990s to govern the conduct of all strip searches of Class Members by Defendants, their agents, and employees.  A blank copy of the Checklist is attached hereto as Exhibit D.  The Parties have agreed upon the terms and language of a revised version of the Checklist, which shall be used going forward at Lancaster County Prison in lieu of the Checklist.

MM.  <u>Summary Notice</u>.  Summary Notice shall mean a notice in substantially the same form as that which appears at Exhibit E.

NN.    <u>Website Administrator</u>:  Website Administrator shall mean the qualified party selected by the Plaintiffs and designated in the Preliminary Approval Order to administer the Settlement Website.  Neither Plaintiffs nor Defendants shall have any responsibility for any acts or omissions of the Website Administrator.  The parties intend to use the claims administrator in § EE, *supra*, as the Website Administrator.

## II.  REQUIRED EVENTS

A.    Promptly after execution of this Settlement Agreement by all Parties:

1.     Class Counsel and Defendants' Counsel shall use their best efforts to cause the Court to enter the Preliminary Approval Order and the Final Judgment.

2.     The Parties to the Settlement Agreement shall jointly move for entry of a Preliminary Approval Order in substantially the same form as Exhibit C, which by its terms shall:

a.     Preliminarily approve the terms of the Settlement Agreement, including the certification of the Class for purposes of this Settlement Agreement only, as within the range of fair, reasonable and adequate settlements for purposes of issuing notice;

b.     Approve the contents of the Class Notice and methods in the Notice Plan;

c.     Schedule a Final Approval Hearing to review any comments regarding the proposed Class Settlement and to consider the fairness, reasonableness, and adequacy of the proposed Class Settlement and the application for an award of attorneys' fees and reimbursement of expenses, and to consider whether the Court should issue a Final Judgment approving the Class Settlement, granting Class Counsel's application for fees and expenses, granting the Incentive Bonus application by the Class Representatives, and dismissing the Litigation with prejudice.

3.     Class Counsel and Defendants' Counsel will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Judgment.

4.    In the event that the Court fails to issue the Preliminary Approval Order or fails to issue the Final Judgment, Class Counsel and Defendants' Counsel agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court; provided, however, that in no event shall Defendants be required to agree to any such cure that would increase the cost or burden of the Settlement Agreement to such Defendants.

5.    The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.  Any disputes regarding the Parties' obligations under this paragraph shall be submitted for decision by the Mediator and his decision shall be binding on the Parties.

### III.  SETTLEMENT TERMS

A.    <u>Provision of New Policies and Corrections Officer Training</u>

1.    Defendants affirmatively state that, effective April 6, 2009, detainees admitted to the Lancaster County Prison are not strip searched pursuant to a blanket practice, custom or policy, and persons detained for misdemeanors, summary offenses, traffic infractions, civil commitments, bench warrants, violations

of probation, parole or Accelerated Rehabilitative Disposition, and/or for other similar charges and/or crimes that do not involve the possession or distribution of drugs, possession of weapons, or are violent felonies, will not be strip searched in the absence of reasonable suspicion.

2.      The County revised its strip search policy on April 6, 2009.  The Parties agree that the revised policy complies with the United States Constitution. Corrections officers who work intake at the Lancaster County Prison will be re-trained regarding the revised strip search policy, and when strip searches may and may not be performed.  Defendants will use their best efforts to have the Lancaster County Prison Corrections Officers comply with the new revised policies. Defendants will use the New Checklist during the intake process at Lancaster County Prison.

3.      Defendants will take reasonable steps to ensure that all Lancaster County Prison Corrections Officers abide by the revised strip search policy.

4.      Class Counsel shall monitor Defendants' compliance with the New Checklist and revised strip search policy at the Lancaster County Prison. Defendants shall, every ninety (90) days, provide Class Counsel with copies of the New Checklist and intake file (including all strip search forms) for all new commitments to Lancaster County prison during an agreed upon five (5) day period during that period.  Class Counsel shall review these documents to determine whether Defendants are correctly filling out and applying the New Checklists. Class Counsel will not seek Court intervention for an alleged violation of the revised

13

strip search policy, including any request for further relief or contempt, without first providing Defendants with notice of the relevant information concerning the alleged violation.  After any such notice, the Parties shall thereafter meet and discuss the allegations of non-compliance, and shall seek to resolve any differences without Court intervention.  If the parties are unable to reach an agreement, Class Counsel may seek relief from the Court, which will retain jurisdiction over the matter during the monitoring period.

     5.    Provided that Defendants have acted in compliance with the New Checklists and revised strip search policy, the monitoring period will terminate eighteen (18) months after the Final Approval date of this settlement.  However, the monitoring period may be extended for good cause shown.

     6.    Class Counsel will be compensated for this work from the attorney fee settlement in this case.  *See* Section (III)(B)(3).  Provided, however, if the Court determines, pursuant to the provisions of Section (III)(A)(4),  that the Defendants were not in compliance with the terms of the Settlement Agreement, any relief ordered by the Court shall include an award of counsel fees for reasonable time expended on monitoring and proceedings before  the Court.

    B.    <u>Settlement Fund</u>

    1.    Upon entry of the Preliminary Approval Order, Defendants will be required to pay up to $2,507,200.00 into the Settlement Fund; provided, however, that the amount of $1,946,860.00 shall be initially paid by Defendants into the Settlement Fund (the "Initial Contribution").  If the Settlement does not become

final, then any unspent money remaining from the Initial Contribution shall be returned to Defendants with no obligation on the part of any party to repay any portion of the money actually spent.

2.     If, as set forth below, the claims made by Class Members that fall within Category 2, Category 3, and/or Category 4 exceed the Initial Contribution amount that is allocated to that respective Category, Defendants shall make a Second Contribution of up to $190,500.00 for Category 2; up to $260,160.00 for Category 3; and/or up to $109,680 for Category 4 (the "Second Contribution").  The Second Contribution of up to $560,340.00 will be provided for deposit into the Settlement Fund by either wire transfer or check within thirty (30) days of notice by the Claims Administrator that a Second Contribution is necessary.  Plaintiffs' counsel and/or the Settlement Administrator will provide the necessary forms (e.g., W-9s) to effectuate the issuance of either a wire transfer or check.  The Settlement Administrator will notify the Defendants in the event that an additional contribution is required for Category 2, Category 3, and/or Category 4.

3.     Class Counsel shall, subject to Court approval, seek to be reimbursed from the Settlement Fund for up to seven hundred and fifty thousand dollars ($750,000.00) in attorneys' fees.  Defendants' agree to not oppose this request by Plaintiffs' Counsel.  Plaintiffs' attorneys' fees will be paid by Defendants separately from – and will not decrease – the amount to be distributed to Class Members.

4.     Court approved Bonus-payments to the named Plaintiffs (up to $22,500.00), costs incurred by Plaintiffs' Counsel in litigating this case (up to

$35,000.00), and settlement administration costs (up to $200,000.00), shall all be deducted from the Settlement Fund before any monies are distributed to any Class Member.

     C.    <u>Payments to Class Members and Distribution of the Settlement Fund</u>

     1.    Each Class Member who submits a timely Claim Form will be entitled to receive their proportionate share of the Distribution Amount. This amount to be distributed to each Class Member shall be based on the following Plan of Distribution:

     *i.*    *The Five Distribution Categories.*

- **Category 1**: Members of the Class who (i) were not on probation or parole at the time of their admission to Lancaster County Prison, (ii) whose Checklist does not have any checks in the "Yes" column, and (iii) whose Checklist is checked or signed on the line next to "THIS PRISONER HAS BEEN SEARCHED BY ME."

- **Category 2**: Members of the Class who (i) were not on probation or parole at the time of their admission to Lancaster County Prison, (ii) whose Checklist does not have any checks in the "Yes" column, and (iii) whose Checklist is checked or signed on the line next to "THIS PRISONER HAS BEEN SEARCHED BY ME," and is checked or signed on the line next to "THIS PRISONER HAS NOT BEEN SEARCHED BY ME."

- **Category 3**: Members of the Class who (i) were on probation or parole at the time of their admission to Lancaster County Prison, (ii) whose Checklist does

16

not have any checks in the "Yes" column, and (iii) whose Checklist is checked or signed on the line next to "THIS PRISONER HAS BEEN SEARCHED BY ME."

- **Category 4**: Members of the Class who (i) were on probation or parole at the time of their admission to Lancaster County Prison, (ii) whose Checklist does not have any checks in the "Yes" column, and (iii) whose Checklist is checked or signed on the line next to "THIS PRISONER HAS BEEN SEARCHED BY ME," and is checked or signed on the line next to "THIS PRISONER HAS NOT BEEN SEARCHED BY ME."

- **Category 5**: Members of the Class who do not qualify for membership in Categories 1 through 4, but who claimed that they were strip searched upon their admission to Lancaster County Prison.

> ii.    *Distribution Allocation to the Five Categories.*

The Parties agree that Defendants shall fund the categories as follows:

- $798,300.00 shall be allocated to Class Members who fall into Category 1. Class Members in Category 1 shall be entitled to their proportionate share of the funds allocated to Category 1; provided, however, that each individual Settlement Class Members' claim shall not exceed $900.

- $127,000.00 shall be allocated to Class Members who fall into Category 2. Class Members in Category 2 shall be entitled to their proportionate share of the funds allocated to Category 2; provided, however, that each individual Settlement Class Members' claim shall not exceed $500.00.  If the value of

17

claims by Class Members in Category 2 exceeds $127,000.00, Defendants agree to fund Category 2 with up to an additional $190,500.00.

- $173,440.00 shall be allocated to Class Members who fall into Category 3. Class Members in Category 3 shall be entitled to their proportionate share of the funds allocated to Category 3; provided, however, that each individual Settlement Class Members' claim shall not exceed $400.00. If the value of claims by Class Members in Category 3 exceeds $173,440.00, Defendants agree to fund Category 3 with up to an additional $260,160.00.

- $73,120.00 shall be allocated to Class Members who fall into Category 4. Class Members in Category 4 shall be entitled to their proportionate share of the funds allocated to Category 4; provided, however, that each individual Settlement Class Members' claim shall not exceed $200.00. If the value of claims by Class Members in Category 4 exceeds $73,120.00, Defendants agree to fund Category 4 with up to an additional $109,680.00.

- $25,000.00 shall be allocated to Class Members who fall into Category 5. Class Members in Category 5 shall be entitled to their proportionate share of the funds allocated to Category 5; provided, however, that the claims of each individual Settlement Class Member in Category 5 shall not exceed $50.00. Class Members in Category 5 shall execute a sworn and notarized affidavit, and submit it with their Claim form.

2.      For each Class Member who submits a Claim Form, Defendants shall review their Checklist and determine which of the foregoing Categories that particular Class Member is a member.

3.      No Class Member shall be entitled to more than one proportionate share of the Distribution Amount, regardless of the number of times he or she has been booked and/or strip searched at the Lancaster County Prison.

4.      In the event that there is money remaining in the Settlement Fund after payment to Class Members who have submitted timely Claim Forms, and after the payment of attorneys' fees, litigation expenses, settlement administration costs, and any Court-approved Incentive Bonuses, the Defendants' insurance company, Travelers, will receive a reverter of all remaining funds.

5.      The Parties anticipate that late claims may be filed subsequent to the end of the claims period.  Late claims may be allowed, if submitted on or before the date of the Final Approval Hearing, under the sole discretion of Class Counsel for good cause shown; provided, however, that any claims submitted more than twenty (20) days after the end of the claims period shall not be allowed.  All late claims will be approved by the Court prior to being paid as part of the distribution of the settlement.

6.      The Class List will be prepared and provided by Defendants' Counsel to Class Counsel and to the Claims Administrator to facilitate notice to Class members.

7.    Any money paid to any Class Member shall be reduced by the amount of any outstanding debt(s) owed by the Class Member to Lancaster County or any of its agencies, including but not limited to Lancaster County Prison, Lancaster County Adult Probation and Parole, and/or the Lancaster County Court of Common Pleas.  This provision shall be included in the notice provided to Class Members.

D.    <u>Additional Discovery</u>

Defendants will cooperate in a timely and reasonable manner in discovery to determine class size and Class Members' names and addresses, including but not limited to the reasonable production of records necessary to identify the members of the Settlement Class.

E.    <u>Partial Distribution Pending Appeal</u>

In the event that Final Approval of the Settlement is appealed by either party or by a third party objector, and if the payment of some portion of the Settlement Fund is not subject to dispute, that undisputed portion of the Settlement Fund shall be distributed in accordance with this agreement.  If the distribution of some or all of the settlement proceeds is in dispute due to a pending appeal, the disputed amount will be placed in an insured interest bearing escrow account and shall not be distributed during the pendency of the appeal.  In the event that final approval of the Settlement is overturned on appeal, all funds, including interest, will be refunded to Defendants, as per its contributions to the Settlement Fund, with the exception of the Initial Contribution, detailed in section

20

III(B)(2), and any additional notice and administration costs incurred above the Initial Contribution.

## IV.  NOTIFICATION TO CLASS MEMBERS

A.    <u>Responsibilities of the Settlement Administrator and Website Administrator</u>

1.    The Settlement Administrator shall implement and administer the Notice Program.

2.    The Settlement Administrator shall be responsible for, without limitation: (i) mailing the Class Notices; (ii) arranging for the publication of the Summary Notice; (iii) responding to requests for a copy of the Class Notice; (iv) otherwise administering the Notice Program; and (v) distributing payments to the Settlement Class Members; and otherwise administering the Notice Program.  The Notice Program shall comply with all requirements of applicable law.  The Settlement Administrator will maintain an appropriate insurance policy to protect against any violation of its fiduciary duty to the Court, Class Members, or Class Counsel.

3.    The Website Administrator will maintain the settlement website, which will provide information about the settlement to Class Members, including notice and claims documents, court documents, and a copy of the Settlement Agreement.

B.    Notice

1.    Notice will be provided to the Class by direct mailing of Class Notice and a Claim Form to all individuals at their address on the Class List, and by publication in the *Philadelphia Inquirer* and in the *Intelligencer Journal-Lancaster New Era* on at least one day per week for three consecutive weeks commencing on the Notice date, and on one occasions during the last ten days of the Claims Period. Notice will also be posted in a prominent location by Defendants at the Lancaster County Prison and the Lancaster County Office of Probation and Parole.

2.    The Settlement Administrator shall also provide a copy of the Class Notice and Claim Form to anyone who requests notice through written communication to the Settlement Administrator, or through a toll-free telephone number to be established by the Settlement Administrator. The Website Administrator will also provide downloadable copies of notices, claim forms, court decisions and other information to class members through a dedicated internet website.

3.    Defendants will cooperate in the Notice Program by providing Plaintiffs' Counsel and/or the Settlement Administrator with information reasonably necessary to identify the members of the settlement class, including the Class List. The Defendants will make reasonable efforts to provide Class Counsel with additional information in their possession upon reasonable notice that such information is required by Class Counsel for purposes of Notice to the Class.

4.    If, after the initial mailing, the Notice is returned as undeliverable, the

22

Claims Administrator will attempt to locate the Class Members by way of a national locator database or service and, if another address is found, re-mail the Notice to that new address.

5.    The Settlement Administrator shall provide an affidavit to the Court, with a copy to Class Counsel and Defendants' Counsel, attesting to the measures undertaken to provide Notice of the Settlement.   The Website Administrator will also provide an affidavit attesting to activity on the settlement website, including number of visitors and number of documents downloaded.

6.    The Settlement Administrator (and any person retained by the Settlement Administrator) shall sign a confidentiality agreement in a form agreed to by the Parties, which shall provide that the names, addresses and other information about specific Class Members and/or specific Class Members that is provided to it by Defendants, Class Counsel, or by individual Settlement Class Members, shall be treated as confidential and shall be used only by the Settlement Administrator as required by this Settlement Agreement.

## V.  REQUESTS FOR EXCLUSION BY CLASS MEMBERS

A.    The provisions of this paragraph shall apply to any Request for Exclusion.  Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator.  Any Request for Exclusion must be postmarked or delivered not later than the Opt-Out Deadline. Any Request for Exclusion shall state the name, address and telephone number of the person requesting exclusion, and contain a clear statement communicating that

such person elects to be excluded from the Settlement, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered by the Court pursuant to the Settlement.

B.    Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement, and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.    Not later than three (3) business days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide an Opt-Out List to Class Counsel and to Defendants' Counsel together with copies of the Request for Exclusion.  Class Counsel and Defendants' Counsel shall jointly report the names appearing on the Opt-Out List to the Court at the time of the Final Approval Hearing.

D.    Class Counsel agrees that they will not represent any individuals who opt out from the Settlement in asserting claims against Defendants that are the subject of this agreement.

## VI.  OBJECTIONS BY SETTLEMENT CLASS MEMBERS

A.    Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection by the Objection Date.  Such objection shall state the name, address and telephone number of the person and provide proof of membership in the Settlement Class, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing

and being heard, together with any documents such person wishes to be considered in support of the objection.

B.    The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Settlement Agreement, in accordance with such Settlement Class Members' due process rights.  The Preliminary Approval Order and Class Notice will require all Settlement Class Members who have any objections to file such notice of objection or request to be heard with the Clerk of the Court, and serve by mail or hand delivery such notice of objection or request to be heard, including all papers or evidence in support thereof, upon one of the Class Counsel and Defendants' Counsel, at the addresses set forth in the Class Notice, no later than the Objection Date.  The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court, along with the required information and documentation set forth above, or to serve them as provided above shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

C.    In accordance with law, only Class Members who may object to the Settlement pursuant to the terms immediately above may appeal any Final Judgment.  The proposed Final Judgment shall provide that any Class Member who wishes to appeal Final Judgment, which appeal will delay the distribution of the

Settlement to the Class, shall post a bond with this Court in any amount to be determined by the Court as a condition of prosecuting such appeal.

## VII.  RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

A.      By this Settlement Agreement and the following Release, Defendants, and all of their officials, affiliates, predecessors, successor and assigns, officers, agents, representatives, insurers and employees are released from any and all claims or causes of action that were, could have been, or should have been asserted by the Plaintiffs or any member of the Class against the Released Persons, or any of them, based upon or related to the actions that are the subject of this Settlement Agreement.

B.      This Settlement Agreement and Release does not affect the rights, if any, of Class Members who timely and properly exclude themselves from the Settlement.

C.      The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release.  The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Settlement Class

Members from prosecuting claims that are released pursuant to the Settlement Agreement.

D.    Upon the Effective Date and the conclusion of any appeals:  (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Class Members; (ii) the Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Members or their successors, predecessors or assigns except as set forth herein; and (iii) Class Members and their successors, predecessors and assigns shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against any Released Party in any federal or state court in the United States or any other tribunal.

E.    Tolling of Statute of Limitations.  Defendants agree that, with respect to any claims asserted in the Litigation that are subsequently asserted by any member of the Class who has properly opted out of the Settlement, Defendants shall not assert any statute of limitations, repose, or laches defense that did not exist as of August 22, 2005.

## VIII.  INCENTIVE AWARDS TO CLASS REPRESENTATIVES

Given the efforts of the Plaintiffs on behalf of the Class, Defendants will not oppose an application for awards of $15,000.00 for Class Representative Sajan Kurian, and $7,500.00 for Class Representative Michael Rhodes, such amounts to be paid before distributions to the general Class.

## IX.  REPRESENTATIONS, WARRANTIES AND COVENANTS

A.      Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby.  This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal valid and binding obligation.

B.      Defendants, through their undersigned attorneys, represent and warrant that they has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Defendants of this Settlement Agreement and the consummation by them of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of Defendants. This Settlement Agreement has been duly and validly executed and delivered by Defendants and constitutes their legal, valid, and binding obligation.

## X.  MISCELLANEOUS PROVISIONS

A.      This Settlement Agreement, and the exhibits and related documents hereto, are not, and shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendants with respect to any wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Judgment as contemplated herein.  Any payment of moneys on behalf of the Defendants, or any other action

28

taken, by the Defendants pursuant to any provision of this Settlement Agreement, shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendants with respect to any wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Judgment as contemplated herein. Defendants deny any liability to Plaintiffs and to all Members of the Class. This provision shall survive the expiration or voiding of the Settlement Agreement.

B.      This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Effective Date does not occur for any reason or the Final Judgment is not entered, then this Settlement Agreement, including any releases or dismissals hereunder, is canceled. In the event this Settlement Agreement is cancelled or deemed cancelled, no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation or in any other litigation, and all Parties shall be restored to their prior rights positions as if the mediation had never occurred and the Settlement Agreement had not been entered into.

C.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

D.    This Settlement Agreement, including all exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties or their counsel.

E.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

F.    This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the Commonwealth of Pennsylvania, without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

G.    Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his or its own costs of the Litigation.

H.    If any clause, provision or paragraph of this Settlement Agreement shall for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provisions had not been contained herein.

I.    The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

J.      All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to Plaintiffs and Defendant.

K.      The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the Parties was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.  In entering into this Settlement Agreement, none of the Parties relied on advice received from any other Party or any other Party's counsel.

L.      Integrated Agreement

1.      All of the exhibits to this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference.

2.      This Settlement Agreement and the exhibits thereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the settlement of the Litigation.

M.    Notice:

1.    Any notice, request or instruction or other document to be given by any party to this Settlement Agreement to any other party to this Settlement Agreement (other than class notification) shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid:

If to Defendants, to:

David J. MacMain, Esquire
LAMB McERLANE, PC
24 E. Market Street, P.O Box 565
West Chester, PA  19381
(610) 430-8000

If to Class Counsel or Plaintiffs, to:

Joseph G. Sauder, Esquire
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

N.    Dispute Resolution

The Parties agree that any disputes regarding the terms and conditions of this Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or the manner in which any issue or dispute arising under this Settlement Agreement shall be submitted to the Court, who shall attempt to mediate such dispute, and if such dispute cannot be resolved via mediation before the Mediator, shall decide such dispute.  The Court's and/or Mediator's decision shall be final and binding.

IN WITNESS WHEREOF, Plaintiffs and Defendant and their respective

counsel have executed this Settlement Agreement as of the date(s) indicated on the

lines below.


FOR PLAINTIFFS AND THE CLASS:                     FOR DEFENDANTS:


By: */s/ David Rudovsky*                           By:  */s/ David J. MacMain*
David Rudovsky (I.D. No. 15168)                       David J. MacMain (I.D. No. 59320)
Jonathan H. Feinberg (I.D. No. 88227)                 LAMB McERLANE, PC
KAIRYS, RUDOVSKY,                                     24 E. Market St., P.O. Box 565
MESSING & FEINBERG LLP                                West Chester, PA 19381
The Cast Iron Building                                (610) 430-8000
718 Arch Street, Suite 501
Philadelphia, PA 19106
Office: 215-925-4400
Fax: 215-925-5365

Joseph G. Sauder (I.D. No. 82467)
Benjamin F. Johns (I.D. No. 201373)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

Christopher G. Hayes (I.D. No. 57253)
LAW OFFICE OF CHRISTOPHER G. HAYES
225 South Church Street
West Chester, PA  19382
610-431-9505 (phone)
610-431-1269 (fax)


Daniel C. Levin (I.D. No. 80013)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Ste. 500
Philadelphia, PA 19106